```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #:_____
                                              DATE FILED: 10/15/25
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT BARBERA,

                Plaintiff,

- against -

ALL SEASON PROTECTION INC.,

                Defendant.

**24-CV-6764(VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    Plaintiff Robert Barbera ("Barbera") brought this action against defendant All Season Protection Inc. ("All Season"), alleging direct copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. (See "Complaint" or "Compl.," Dkt. No. 1.) All Season has not filed an answer or taken any other action to respond to the Complaint. Now before the Court is Barbera's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). (See "Motion" or "Mot.," Dkt. No. 20). For the following reasons, the motion is granted in part and denied in part.

              **I.   BACKGROUND[1]**

    Barbera is a professional photographer who is the owner of certain photographs which he commercially licenses. (See

---

[1] The facts recited herein are drawn from the Complaint and are assumed to be true for purposes of this decision.

Compl. ¶ 11.) Barbera's photographs are original, creative works. (See id. at ¶ 14.)

All Season is a security company which owns and operates a website at domain www.allseasonprotection.com (the "Website") and an account on the social media platform Instagram with the name "@all_season_protection_nyc" at domain www.instagram.com (the "Account"). (Id. at ¶¶ 3-4.) All Season uses its Website and Account to promote its business to the public. (See id. at ¶ 24.)

On May 6, 2019, Barbera published a photograph he had taken of tennis player Serena Williams (the "Photograph"). (See id. at ¶¶ 2, 15; Dkt. No. 1-1.) Barbera selected the Photograph's subject matter and timing as well as the "lighting, angle, perspective, depth, lens, and camera equipment used in capturing the image." (Compl. ¶ 16.) Barbera created the Photograph with the intention of commercially licensing it. (See id. at ¶ 18.) On July 1, 2019, the Photograph was registered by the United States Copyright Officer ("USCO") under Registration No. VA 2-161-943. (See id. at ¶ 17.) Barbera published the Photograph by commercially licensing it to Backgrid, a photography agency, for the purposes of display and public distribution. (See id. at ¶ 19.)

On or about June 27, 2021, without first obtaining a license or other permission from Barbera, All Season displayed the Photograph on its Website and Account (the "Infringements"). (See id. at ¶¶ 25, 28; Dkt. No. 1-2.) The Infringements are exact copies of Barbera's original image. (See Compl. ¶ 30; Dkt. No. 1-2.)

Barbera first discovered the Infringements on November 4, 2022. (See Compl. ¶ 27.) On February 2, 2023, Barbera, through counsel, served All Season with a letter seeking to address his complaints regarding the Infringements. (See id. at ¶ 43.) All Season did not respond to Barbera's letter and, despite Barbera's notification to All Season, All Season continued to display the Photograph on its Website and Account. (See id. at ¶¶ 44-45.)

On September 6, 2024, Barbera commenced this action by filing a complaint alleging direct copyright infringement. (See id.) On September 18, 2024, Barbera filed an Affidavit of Service stating that he had effected service on All Season by serving copies of the Summons and Complaint on All Season through the Office of the Secretary of State for the State of New York. (Dkt. No. 7.) All Season has failed to answer or otherwise appear.

On March 31, 2025, Barbera filed a request with the Clerk of the Court for the entry of a Certificate of Default,

3

averring that service had been effected on All Season and that the time for All Season to answer or otherwise move against the Complaint had expired. (Dkt. No. 13; Dkt. No. 14 ¶ 3.) Barbera served a copy of the request to enter default on All Season at its principal place of business. (Dkt. No. 15; see Compl. ¶ 7.) The Clerk of Court issued a certificate of default against All Season that same day. (Dkt. No. 16.)

On April 1, 2025, Barbera filed this motion for default judgment. (Dkt. No. 17.) In support of his motion for default judgment, Barbera filed a memorandum of law, a statement of damages, and declarations of himself and his counsel. (Dkt Nos. 18-21.) Barbera served the motion for default judgment on All Season at All Season's principal place of business. (Dkt. No. 22.) All Season has not responded to the motion.

## II. LEGAL STANDARD

A litigant has defaulted when she "has failed to plead or otherwise defend" against a claim "for affirmative relief." Fed. R. Civ. P. 55(a). "[A] default is an admission of all well-pleaded allegations against the defaulting party." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004). As a general matter, "a court is required to accept all of the . . . factual allegations [of the non-defaulting party] as true and draw all reasonable

inferences in its favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Nonetheless, a district court must still determine whether the well-pleaded facts establish liability as a matter of law. See id.

### III. DISCUSSION

Barbera brings one claim for relief pursuant to the Copyright Act, see 17 U.S.C. § 501 et seq. (See Compl. ¶¶ 47-56.) Barbera seeks statutory damages of $5,250 as well as a permanent injunction. (See Mot. 19-20.) Barbera also seeks $2,560 in attorneys' fees and $465 in costs. (See Mot. 20.)

A.  LIABILITY

To prevail on a claim of copyright infringement, a plaintiff must show: "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 51 (2d Cir. 2003).

"A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright." Id.; see 17 U.S.C. § 410. Barbera has submitted a USCO certificate of registration for the Photograph. (See Dkt. No. 18-2.) Barbera has thus satisfied the first element of his claim.

5

Barbera has satisfied the second element as well. Barbera attached to his complaint an image of the Photograph, (Dkt. No. 1-1,) and screenshots of the images on All Season's Website and Account, (Dkt. No. 1-2). "The images are identical." Mockingbird 38, LLC v. Int'l Bus. Times, Inc., No. 21-CV-283, 2022 WL 154137, at *3 (S.D.N.Y. Jan. 18, 2022); see Martinka v. Hagedorn Commc'ns, Inc., No. 24-CV-03601, 2025 WL 2642584, at *4 (S.D.N.Y. Sept. 15, 2025).

Accordingly, the Court grants default judgment to Barbera on his copyright infringement claim.

B.   RELIEF

Barbera seeks statutory damages and a permanent injunction as well as attorneys' fees and costs.

1. Statutory Damages

Although All Season's default is deemed an admission of the well pleaded allegations in the complaint, it is not deemed an admission of damages. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015). The Court has discretion to conduct an evidentiary hearing, but it is not required to do so. See id. Because, as discussed below, statutory damages are available here, the Court finds that an evidentiary hearing is not necessary.

Barbera seeks $5,250 in statutory damages. (Mot. 20.) An infringer of a copyright is liable for either "(1) the copyright owner's actual damages and any additional profits of the infringer" or "(2) statutory damages . . . in a sum of not less than $750 or not more than $30,000 as the court considers just." 17 U.S.C. § 504(a), (c)(1). District courts have broad discretion to determine the amount of damages within the statutory range. See Parsons v. Bong Mines Ent. LLC, No. 19-CV-813, 2021 WL 931506, at *8 (E.D.N.Y. Feb. 18, 2021). In exercising that discretion, courts consider: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010).

The Court begins with Bryant's second consideration, the revenue lost by Barbera as the copyright holder. "Courts frequently use the work's licensing fee to measure the revenue lost, which serves as a baseline against which to apply the relevant Bryant factors." Martinka, 2025 WL 2642584, at *5. Barbera has submitted a screenshot of a Getty Images license

estimate for a similar photograph of Serena Williams. (See Dkt. No. 18-4.) The Getty Images license estimate for that image is $1,050. (See id.) "Screenshots from the Getty Images price calculator may in some circumstances provide evidence for the fair market value for the licensing fee of a photograph" when they are "a reasonable proxy for the value a license for the Photograph would receive on the market." Proimos v. Madison Prop. Grp., No. 20-CV-4832, 2021 WL 4391238, at *2 (S.D.N.Y. Sept. 24, 2021). The Getty Images estimate here is a reasonable proxy for the value of a license for the Photograph. As with Barbera's Photograph, the photograph appearing in the Getty Images screenshot shows Serena Williams and her husband at a crowded public event. (See Dkt. Nos. 1-1, 18-2.) Additionally, the Getty Images estimate is for a license covering "[c]ommerical or promotional use on a website, including as a design element on a corporate website or in branding/profile designs on Social Media" in the United States security industry, which is consistent with All Season's use of the Photograph here. Cf. Juliff v. Headout, Inc., No. 20-CV-699, 2021 WL 3887764, at *2 (S.D.N.Y. Aug. 31, 2021) ("[C]ourts consulting Getty Images values must ensure that the generated values match the facts of the case."). The Court therefore accepts the $1050 licensing fee as a baseline.

Bryant's additional considerations do not support awarding the full amount of Barbera's requested statutory damages, which would constitute five times the estimated licensing fee. Regarding the first consideration, the infringer's state of mind, All Season's default is some evidence of willfulness. See Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default."). But see Martinka, 2025 WL 2642584, *7 ("[T]he fact of Defendant's default on its own supplies but weak support for willfulness."). In support of a finding that All Season's infringement was willful, Barbera alleges that All Season continued to infringe on his copyright after service of an initial letter and through filing of the present motion for default. (Compl. ¶¶ 43-45; "Barbera Decl.," Dkt. No. 18 ¶¶ 23, 25.) But Barbera has not submitted evidence of that letter or All Season's continued infringement, and a declaration submitted by Barbera does not mention the letter. (See Barbera Decl. ¶¶ 13-14); Martinka, 2025 WL 2642584, at *6.

Barbera has provided no information to assist the Court in assessing the second consideration, the profits earned by the infringer. The fourth consideration, deterrence of All Season as well as third parties, points in favor of an award

9

in excess of the licensing fee, lest parties "calculat[e] that it would be cheaper to violate the copyright law than to obtain an appropriate licensing agreement." Broad Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 660 (S.D.N.Y. 1996). But courts in this District have consistently held that awards amounting to three times the licensing fee provide sufficient deterrence. See Erickson Prods., Inc. v. Only Websites, Inc., No. 12-CV-1693, 2016 WL 1337277, at *3 (S.D.N.Y. March 31, 2016) (collecting cases). Further, there is no evidence that All Season is a serial copyright infringer, which would implicate a need for a greater deterrent effect. See Marinka, 2025 WL 2642584, at *7. The fifth and sixth considerations, the infringer's cooperation in providing evidence and the conduct of the parties, are not relevant or are at most neutral here given All Season's default. See id.; Verch v. Blockchain Techs. Corp., No. 20-CV-2631, 2021 WL 1198784, at *2 (S.D.N.Y. March 30, 2021).

"In considering a single use copyright infringement case such as this one, courts in this Circuit have typically awarded statutory damages in an amount between $1,000 and $5,000." Verch, 2021 WL 1198784, at *2 (collecting cases). Where the infringement is willful, "'trebling the licensing fee . . . is in line with the general approach taken by courts' in calculating statutory damages." Erickson Prods.,

10

2016 WL 1337277, at *3 (quoting Nat'l Photo Grp., LLC v. Bigstar Ent., Inc., No. 13-CV-5467, 2014 WL 1396543, at *4 (S.D.N.Y. Apr. 11, 2014)) (collecting cases). Given the limited evidence of both willfulness and the need for deterrence, an award at the higher end of either of these ranges is not warranted.

Accordingly, the Court finds that an award of $3,150, which amounts to three times the representative licensing fee, is consistent with the application of Bryant's considerations and the statutory damages calculations of other courts in this Circuit.

2. Injunctive Relief

Barbera also requests that All Season be permanently enjoined from displaying the Photograph on its Website and Account or in any alternative medium under its control. (Mot. 19-20.) Such an injunction is appropriate where a plaintiff has succeeded on the merits — as is the case here — and has "demonstrated that (1) it suffered irreparable harm; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants such a remedy; and (4) that the public interest would not be disserved by the issuance of an injunction." Diageo N. Am., Inc. v. W.J. Deutsch & Sons Ltd.,

626 F. Supp. 3d 635, 653 (S.D.N.Y. 2022). Barbera has met all four requirements here.

First, irreparable harm is presumed because All Season has failed to appear. See, e.g., Stokes v. MilkChocolateNYC LLC, 681 F. Supp. 3d 226, 242-43 (S.D.N.Y. 2023). Second, monetary remedies are not sufficient to compensate Barbera, as the Court may infer from All Season's default that it is willing to continue its infringement. See id. at 243 ("'Defendant's continuing infringement' also 'establishes the second required element because a plaintiff has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing its copyright.'" (quoting Sadowski v. Yeshiva World News, LLC, 21-CV-7207, 2023 WL 2707096, at *8 (E.D.N.Y. Mar. 16, 2023))). Third, the balance of hardships is in Barbera's favor as All Season cannot be said to suffer any hardship from an injunction barring it from infringing on Barbera's copyright. See Marinka, 2025 WL 2642584, at *11. Fourth, a permanent injunction will serve the public's "compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." Id. (quoting Cawthon v. Zhousunyijie, No. 22-CV-03021, 2024 WL 1156073, at *11 (S.D.N.Y. Mar. 18, 2024).

Accordingly, the Court grants Barbera's request for a permanent injunction prohibiting All Season from further infringement of the Photograph.

3. Attorneys' Fees and Costs

In addition to statutory damages and injunctive relief, Barbera seeks an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505, which states that "the court in its discretion may allow the recovery of full costs," including reasonable attorneys' fees. 17 U.S.C. § 505. Barbera specifically requests $2,560 in attorneys' fees and $465 in costs. (See Mot. 20.)

Barbera is entitled to an award of attorneys' fees and costs. Barbera is the prevailing party, and an award of attorneys' fees and costs will "serve the goals of both compensation and deterrence by compensating [Barbera] for the cost of defending his copyright and deterring [All Season] and similar companies from infringing copyrights in the future." Marinka, 2025 WL 2642584, at *8.

In determining whether Barbera's requested fees are appropriate, the Court's analysis focuses on whether the fees represent the "product of a reasonably hourly rate and the reasonable number of hours required by the case." Milea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The reasonably hourly rate is determined by reference to the

13

prevailing hourly rate in the district of adjudication and "all case-specific variables." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183, 189 (2d Cir. 2007). "Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable." Marinka, 2025 WL 2642584, at *9. The court "should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Barbera seeks compensation for the time of Craig B. Sanders ("Sanders"), managing partner of the firm Sanders Law Group, of 1.3 hours at a rate of $750 per hour; of Joshua Vera ("Vera"), an associate, of 4.9 hours at a rate of $250 per hour; and of Julie Bursh, Arielle Marra, and Laura Costigan, paralegals, of 2.4 hours at a rate of $150 per hour. (See Dkt. No. 19.)

Vera's claimed rate of $250 per hour is reasonable in light of his position and experience. See Martinka, 2025 WL 2642584, at *9 (approving a rate of $275 per hour for Vera); Harbus v. Vosa TV Inc., No. 24-CV-3572, 2025 WL 1153818, at *16 (E.D.N.Y. Apr. 21, 2025) (finding a rate of $200 per hour for Vera to be reasonable). However, the Court agrees with other courts in this Circuit that have recently found the claimed rate for Sanders and the paralegals at his firm to be

14

in excess of the appropriate rates. See Martinka, 2025 WL 2642584, at *9 (rejecting Sanders' requested rate of $750 per hour and Busch and Costigan's requested rates of $150 per hour and finding rates of $525 and $100 per hour, respectively, to be reasonable); Harbus, 2025 WL 1153818, at *16 (finding a rate of $450 per hour for Sanders and $75 per hour for Busch and Costigan to be reasonable); see also Seidman v. Yid Info. Inc., No. 23-CV-7071, 2024 WL 4664669, at *8 (E.D.N.Y. June 11, 2024) ("Mr. Sanders'[s] requested hourly rate of $750 is nearly double the rate that courts have approved for partners in this district. The Court instead finds $450 per hour is a reasonable rate for Mr. Sanders[.]"). Accordingly, the Court finds a rate of $525 per hour to be reasonable for Sanders, $250 per hour to be reasonable for Vega, and $100 per hour to be reasonable for each paralegal.

The number of hours billed by Barbera's legal team are reasonable and supported by detailed time records. (See Dkt. 19-4.) Additionally, the work performed by Sanders is appropriate for his position as a senior partner. See Martinka, 2025 WL 2642584, at *10. Accordingly, the Court approves an award of attorneys' fees at the above listed rates for all the billed hours, resulting in a total of $2,147.50.

Finally, Barbera seeks to recover costs of $405 for the filing fee, and $60 for service of process. (Mot. 19.) The

filing fee is noted on the docket, (Dkt. No. 1,) and Barbera has provided an invoice from the process server employed in this case, in the amount of $60, (Dkt. No. 19-7.) Accordingly, the Court finds that the costs submitted, totaling $465, are reasonable and grants an award of costs in that amount.

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion for default judgment in **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that judgment against defendant All Season Protection Inc. ("All Season") is entered in the amount of $3,150 in statutory damages, $2,147.50 in attorneys' fees, and $465 in costs; and it is further

**ORDERED** that a permanent injunction is entered against All Season, on the terms set forth below:

All Season, its agents, servants, affiliates, and employees, and all others in active concert or participation with any of them shall not, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership, or corporation, display or use Barbera's Photograph on its Website, on its Instagram Account, or in any manner with the public.

The Clerk of Court is respectfully directed to close the motion at Docket No. 17, enter judgment, and close this case.

**SO ORDERED.**

Dated:   15 October 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.